IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:16-CR-11 |
| v. | ) | |
| | ) | |
| | ) | |
| JEREMY PATRICK, | ) | (PHILLIPS / SHIRLEY) |
| ROBERT YELVERTON, | ) | |
| RANDALL BLEDSOE, | ) | |
| ASHLEY DUNCAN, | ) | |
| MICHAEL GOFF, and | ) | |
| AMANDA HAYES, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C.§ 636(b) for disposition or report and recommendation as may be appropriate. This case came before the undersigned on April 1, 2016, for a scheduled pretrial conference and motion hearing on four motions to continue the trial and reset the schedule in this case:

(1) Motion to Continue Trial Date and All Associated Deadlines [Doc. 30], filed by Defendant Hayes on March 15, 2016;

(2) Motion to Continue [Doc. 52], filed by Defendant Patrick on March 23, 2016;

(3) Motion to Continue Trial and All Other Deadlines [Doc. 54], filed by Defendant Goff on March 31, 2016; and

(4) Motion of the Defendant Robert Yelverton for a Continuance [Doc. 55], filed on March 31, 2016.

Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. The following defense counsel were present with their clients: Assistant Federal Defender Paula R. Voss for Defendant Jeremy Patrick; Attorney Francis L. Lloyd, Jr., for Defendant Robert Yelverton; Attorney Robert R. Kurtz for Defendant Randall Bledsoe; Attorney Charles I. Poole for Defendant Ashley Duncan; Attorney Forrest L. Wallace for Defendant Michael Goff, and Attorney David M. Eldridge for Defendant Amanda Hayes. All Defendants were also present.

In their motions, the Defendants ask the Court to continue the April 19 trial in this case to give defense counsel time to prepare for trial. Defendant Duncan was arraigned on February 16, 2016. Defendant Hayes appeared for arraignment on March 3, 2016. The remaining Defendants had their initial appearance and arraignment on March 21, 2016. At the April 1 hearing, AUSA Davidson informed the Court that Defendants Patrick, Yelverton, Bledsoe, and Goff had received discovery that day. In Defendant Hayes motion, Attorney Eldridge states that he also needs additional time to review discovery on behalf of Defendant Hayes. At the hearing, all defense counsel stated that they had discussed the request for a trial continuance with their clients, that they believed a continuance was in their clients' best interest, and that they agreed all time between the hearing and the new trial date is fully excludable under the Speedy Trial Act. The Court questioned the Defendants, who all agreed that they understood their attorney was asking to continue the trial date and that they would remain in custody until that time. AUSA Davidson stated that the Government did not object to the requested continuance and that she agreed that all the time between the hearing and the new trial date is fully excludable under the Speedy Trial Act. The parties all agreed to a new trial date of September 13, 2016.

The Court finds the Defendants' motions to continue the trial to be unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting

a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Indictment [Doc. 1] charges the Defendants in a conspiracy to distribute methamphetamine from September 2015 to January 2016. Additionally, the Indictment charges some Defendants or combinations of Defendants in seven additional counts of distribution of methamphetamine (Count 5), possession of methamphetamine with intent to distribute (Counts 2 & 7), and possession of a firearm in furtherance of drug trafficking (Counts 3, 6, & 8). Four of the six Defendants entered the case eleven days ago and received discovery on April 1. To require them to go trial two and one-half weeks after receiving discovery would be a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i). All defense counsel need time to review discovery, investigate the case, locate and interview witnesses, prepare and litigate pretrial motions, and prepare for trial. All of this cannot occur prior to the April 19 trial date or in less than five and one-half months. The Court finds that without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite the use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendants' motions [**Docs. 30, 52, 54, & 55**] to continue the trial and other deadlines are **GRANTED**, and the trial is reset to **September 13, 2016**. The Court finds that all the time between the filing of Defendant Hayes' motion on March 15 and the new trial date of September 13, 2016, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to additional scheduling in this case, the parties shall file pretrial motions on or before **May 2, 2016**. Responses to motions are due on **May 16, 2016.** The deadline for concluding plea negotiations is **August 23, 2016**. This is also the deadline for providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **August 29,**

3

**2016**. Special requests for jury instructions shall be submitted to the District Judge no later than **September 2, 2016**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED** as follows:

(1) The Defendants' motions to continue the trial and all deadlines [**Docs. 30, 52, 54, & 55**] are **GRANTED**;

(2) The trial of this matter is reset to commence on **September 13, 2016**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the filing of the motion on **March 15, 2016**, and the new trial date of **September 13, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing pretrial motions is **May 2, 2016**. Responses to motions are due on or before **May 16, 2016**;

(5) The deadlines for concluding plea negotiations and providing reciprocal discovery are extended to **August 23, 2016**.;

(6) Motions *in limine* must be filed no later than **August 29, 2016**; and

(7) Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **September 2, 2016**.

**IT IS SO ORDERED.**
ENTER:

    s/ C. Clifford Shirley, Jr.
    United States Magistrate Judge